## Case No. 3,236.

### CORNELL v. DOWNER & BEMIS BREWING CO. et al.

### SAME v. AMERICAN BUSH CO. et al.

[7 Biss. 346;[1] 2 Ban. & A. 514; 11 O. G. 331;
9 Chi. Leg. News, 142.]

Circuit Court, N. D. Illinois.  Jan. Term, 1877.

PATENT — WHAT WILL BE CONSIDERED AN IN-
FRINGEMENT—EXTENT OF PATENTS.

1. Where it is stated in a patent, "We do
not wish to confine ourselves exclusively to the
V shaped projection, as any form that will
prevent the core from turning, independent of
the bush, will produce the same result," the
patentees are not to be confined to the mere
form, but any other form substantially like that,
although there may be a change, would be
within the terms of the patent.

2. Where there is a slight change in a ma-
chine, by which a new result is brought about,
and which might be the subject of a patent,
the invention should not be extended beyond
the mere change, although the patent may be
sustained, but where something elementary is
discovered, and constitutes fairly a part of the
invention of the patentee, no other inventor or
manufacturer ought to be permitted to use that
elementary part without paying tribute to the
first inventor or originator.

In equity. The bill in these cases was filed
[by George B. Cornell against the Downer &
Bemis Brewing Company and others, and
against the American Bush Company and
others] upon the re-issues A and B, dated
August 6th, 1872, of the original patent of
Lacy & [G. B.] Cornell, of August 29th, 1871
[No. 118,617], for an improvement in bushes,
and wrenches for their insertion in beer bar-
rels. The claim of division A, No. 5,026, is,
"The wrench herein described, consisting of
a shank A, plate B, projection D, and core
E, the said core adapted to fit the opening
through the bushing whereby the same is
prevented from assuming an oblique position
when being turned into place, substantially
as described." The claim of division B, No.
5,027, is, "The screw-threaded metallic bung-
bushing, made tapering upon both its outer
and inner sides, and protected with the
flange B, having the V shaped notch d, by
and for the purpose described." A motion
for a preliminary injunction was made on
the first bill and affidavits in support, and
opposed, and after full argument an order
was entered February 4th, 1875, granting
such injunction, nisi, etc., and the causes
were brought to argument on pleadings and
proofs in May, 1876.

Goodwin, Offield & Towle and J. W. Mer-
riam, for complainant.

L. L. Coburn, for defendants.

DRUMMOND, Circuit Judge.  In this case,
everything must depend on the construction
which shall be given to the patents which
have been re-issued to the plaintiff. If the
true construction is that contended for by the
defendants, then it can hardly be said that
the defendants have infringed. I do not pro-
pose to consider these patents separate from
each other, but, really, as constituting to-
gether substantially one patent, to accom-
plish a particular purpose. To be sure, there
are two patents issued, and two claims made
by Lacy and Cornell, but they were issued
at the same time (the re-issues), and they
refer to the same common object. If this
were a suit upon the bung bush alone, with-
out reference to the wrench, the court might
possibly be disposed to take a different view
of the matter; but looking at both together
as in a certain sense one conjoint patent con-
sisting of several parts, the question is, What
is the true construction of the re-issued pat-
ent? Is it so narrow as that contended for
by the defendants? I hardly think that it is.
It seems to me that the object was to make
a bush of a particular kind, possessing cer-
tain attributes; and secondly, at the same
time, to make a wrench which could be ap-
plied to the bush in a particular way, so as
to insert it in the cask or barrel. The quali-
ties of the bush were, that it was to be me-
tallic, with a screw on the outside, smooth on
the inside, tapering both outside and in,
and with a flange to press on the stave
of the cask, and a device for the "engage-
ment" of the wrench with it, by means of
which it was to be inserted in the barrel.
The wrench had a handle, its other end be-
ing expanded or flattened out, and a device
was attached to it by which it could be en-
gaged in the bush, and it was to possess a
core which was to be inserted in the hole
of the bush, and into which, when the bush
was screwed in the barrel or cask, a wooden
plug or bung could be driven. Now, the
question is, whether or not this was a paten-
table invention, and how far the invention
extends. There can be no doubt, I think,
that it was a patentable invention. If it be
true that there were bung bushes manufac-
tured of metal and with a screw outside, and
a flange, which was to rest upon the stave
of the barrel, there does not seem to have
been a bush constructed like that of the
plaintiff's, and which was to be inserted into
the barrel by the same device or apparatus
as his, viz: by a wrench with a shank, and
a device to engage with the bush, and with
a core constituting a part of the wrench
which was to fit into the hole of the bush,
and so, by the operation of revolving the
bush in the barrel, to be inserted firmly, so
as to make it tight, and in such a way that
the operator could have complete control of
the bush by means of the wrench, and press-
ing equally on all sides of the bush, one of
the objects being to remove the core and in-
sert a different sized one, when necessary,
corresponding to the size of the bung bush.

I think, therefore, it was a patentable in-
vention. As I understand, there never had
been, before it was discovered by these par-
ties, a bung bush with a wrench, such as are

---

[1] [Reported by Josiah H. Bissell, Esq., and
here reprinted by permission.]

described in these patents. The core, taking it altogether, seems to be an essential element of the device, and is one of the principal objects, and I should think, also, one of the principal excellencies of the whole device, because it enables the operator in inserting the bush into the cask, to command completely the act of insertion. I agree with the counsel of the defendants, that the V shaped device in the bush, and the corresponding device in the wrench, are essential parts of the invention of the plaintiff and Lacy; but while that is so, the question is whether or not the plaintiff is restricted to the precise form in which the patent has set forth the device.

There is a V shaped device in the bush, and there is a corresponding one in the wrench, where the bush is to be inserted—so that they engage together, and in this way the bush is inserted in the cask. While this is an essential part of the device, is the plaintiff limited to that precise form? If he is, then I suppose it may be admitted that the defendants do not in that particular infringe; because that identical form is not used by the defendants. A change is made, but the bush is used substantially, as well as the wrench and the core, and another method is adopted by which the engagement takes place between the wrench and the bush, so as to hold the bush fast while it is being inserted in the barrel. The main difficulty of this part of the case has been in reference to the particular device of the plaintiff. It is said in the patent, "We do not wish to confine ourselves exclusively to the V shaped projection, as any form that will prevent the core from turning, independent of the bush, will produce the same result." They are not to be confined to the mere form, but any other form substantially like that, although there may be a change, would be within the terms of the patent. I have come to the conclusion, after some hesitation, that considering the core was a very essential part of the mode of inserting the bush, and one of the objects which the inventor had in view was to enable the wrench, and the core, as a part of it, to engage with the bush so as to firmly turn the bush in the act of insertion—that the mere change in this·method of engagement, although varied in different ways, does not prevent the infringement of the substantial part of the plaintiff's device. It is often very difficult in patent cases to determine the extent of the invention. Where there is a slight change in a machine, by which a new result is brought about, and which might be the subject of a patent, courts do not feel inclined to extend the invention beyond the mere change, although they may be inclined to sustain the patent; but where something elementary, so to speak, is discovered, and constitutes fairly a part of the invention of the patentee, then I do not think that any other inventor or manufacturer ought to be permitted to use that elementary part without paying tribute to the first inventor or originator. Such I regard the core in this case. I think that belongs to the plaintiff, and that it is not right or just for any one to use it without his consent. What I mean is, that the defendants are prevented from using such an arrangement with the core in it, so as to engage it with the bush of the plaintiff, and by which, if done, there is an infringement of the plaintiff's patents.

Decree entered for plaintiff for perpetual injunction, with reference to the master to assess damages.

[NOTE. For other cases involving this patent, see Cornell v. Littlejohn, Case No. 3,238; also, Schumacher v. Cornell, 96 U. S. 549.]